Filed 11/30/22  P. v. Hill CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C095428 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 21CF00239, 21CF00051) |
| v. | |
| CAROLYN GENE HILL, | |
| Defendant and Appellant. | |

Defendant Carolyn Gene Hill pleaded no contest to multiple felonies in two separate cases, and the trial court imposed the upper term on the principal count at sentencing.  On appeal, defendant challenges the upper term portion of her sentence based on recent legislative amendments to Penal Code section 1170.[1]

---

[1] Further undesignated statutory references are to the Penal Code.

1

The Attorney General agrees that remand for resentencing is required, as do we. We shall remand for resentencing in accordance with the current law and otherwise affirm the judgment.

## BACKGROUND

The parties stipulated that the facts from the probation report formed the factual basis for defendant's plea.

*Butte County Case No. 21CF00051*

In August 2020, defendant and two others broke into approximately 100 post office boxes at a United States Post Office in Durham. Defendant later admitted that she participated in the burglary and had attempted to cash a fraudulent check from an organization whose mail was stolen. She was charged with second degree commercial burglary (§ 459, count 1) and identity theft with a prior (§ 530.5, subd. (c)(2), count 2).

*Butte County Case No. 21CF00239*

In December 2020, officers contacted defendant in her storage unit with drug paraphernalia and stolen items in plain view. A subsequent search of her car and storage unit with a warrant revealed that defendant had acquired and possessed numerous stolen and fraudulent checks as well as the personal identifying information of over 40 victims.

Initially, defendant was charged with 41 counts of identity theft with a prior (§ 530.5, subd. (c)(2), counts 1-41), and two counts of forgery (§ 476, counts 42-43). The prosecutor later amended the complaint without objection to allege 10 counts of identity theft with a prior.

*Plea and Sentencing*

In June 2021, defendant pleaded no contest to 10 counts of identity theft with a prior in case No. 21CF00239, and one count of second degree commercial burglary in case No. 21CF00051 in exchange for dismissal of all remaining counts and allegations with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754. The parties agreed defendant's sentence would not exceed nine years eight months in prison, and that the

2

trial court had sole discretion to determine probation and sentencing. Following her plea, defendant withdrew an earlier application for mental health diversion.

During sentencing in November 2021, the trial court indicated it had read and considered the probation report. The court found that defendant pleaded no contest at an early stage of the proceedings as the single mitigating factor, and found planning, sophistication, or professionalism, the taking of great monetary value, and numerous prior convictions as the three aggravating factors. On balance, the court found the three aggravating factors outweighed the lone mitigating factor.

Defendant did not stipulate to any factors in aggravation. Nor were any certified records of defendant's prior convictions introduced during the sentencing hearing or attached to the probation report, although the probation report did reference her criminal history.

The trial court imposed the upper term of three years on count one for identity theft in case No. 21CF00239, which it designated as the principal term, and consecutive terms of eight months (one third the midterm) for each remaining count in both cases. Defendant's total aggregate prison sentence was nine years eight months, with a portion of the sentence suspended to be served on mandatory supervision.

Defendant timely appealed; the case was fully briefed on September 30, 2022, and assigned to this panel shortly thereafter. The parties waived argument and the case was deemed submitted on November 29, 2022.

## DISCUSSION

Defendant challenges the upper term sentence on identity theft (count 1 in case No. 21CF00239) under recently enacted Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3) (Senate Bill No. 567).[2] The People concede Senate Bill No.

---

[2] Senate Bill No. 567 was enacted after Assembly Bill No. 124 (2021-2022 Reg. Sess.), which also amended section 1170, and incorporated Assembly Bill No. 124's

3

567 applies retroactively to defendant's case and that remand for resentencing under the new legislation is appropriate. We agree with the parties.

When the trial court sentenced defendant, former section 1170 provided that "[w]hen a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court." (§ 1170, former subd. (b); Stats. 2020, ch. 29, § 14.) Senate Bill No. 567 amended this provision effective January 1, 2022, to limit the trial court's discretion to impose the greater term. As relevant here, the bill limited the trial court's discretion to impose a sentence greater than the midterm unless the aggravating circumstances justify doing so and the facts underlying those circumstances have been stipulated to by the defendant or found true beyond a reasonable doubt. (§ 1170, subd. (b)(1) & (2), as amended by Stats. 2021, ch. 29, § 15.) One exception is that the trial court may rely on certified records of conviction to find a prior conviction proven. (§ 1170, subd. (b)(3).)

As amended, section 1170 also now provides that "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances [so] that imposition of the lower term would be contrary to the interests of justice," the trial court must impose the low term if a defendant "experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence" if such trauma "was a contributing factor in the commission of the offense." (§ 1170, subd. (b)(6).) The court must set forth on the record the facts and reasons for choosing the sentence imposed. (§ 1170, subd. (b)(5).)

We agree with the parties that amended section 1170, which went into effect while defendant's appeal was pending, applies retroactively as an ameliorative change in the law that is applicable to all nonfinal convictions. (*People v. Flores* (2022)

---

amendments to the statute. (Stats. 2021, ch. 731, § 3(c).) Thus, contrary to defendant's argument that she also may be entitled to resentencing under Assembly Bill No. 124 upon remand, Senate Bill No. 567 is the only operative legislation on that issue.

4

73 Cal.App.5th 1032, 1039.)  We also agree that the requirements of the amended statute were not followed here.

As we have described above, here the trial court imposed an upper term after finding that three aggravating factors outweighed a single mitigating factor.  When the trial court imposed the upper term, Senate Bill No. 567's amendments were not in effect, and it is undisputed that defendant did not stipulate to the facts underlying any of the aggravating factors, nor did the trier of fact find them true beyond a reasonable doubt, and no certified records were introduced to prove any of defendant's prior convictions.

Notably, even if a trier of fact would have found at least one of the aggravating circumstances the trial court relied on true beyond a reasonable doubt, rendering any constitutional error harmless (see *People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1111), "we still must grapple with the trial court's reliance on other aggravating circumstances inconsistent with the current requirements of section 1170." (*Id.* at p. 1112.)  "[I]t is not enough that we find the trial court *could* have imposed the upper term sentence (based on the conclusion that the jury would have found true at least one aggravating circumstance). Rather, to find harmless error for the state law error, we must find that the trial [court] *would* have imposed the upper term sentence even absent the error." (*Ibid.*)  The parties agree, as do we, that here we are unable to make this finding to the required degree of certainty.

Further, at the time of sentencing, defendant was not entitled to a presumptive lower term upon a showing that she suffered a qualifying psychological, physical, or childhood trauma, and that trauma contributed to the commission of her crimes.  (§ 1170, subd. (b)(6).)  Defendant thus had less incentive to develop a record regarding these issues even though there is some indication in the record that she perhaps suffers from substance abuse and mental health issues.

5

By the same token, the trial court had less incentive to assess whether psychological, physical, or childhood trauma was a contributing factor. (See *People v. Banner* (2022) 77 Cal.App.5th 226, 242, citing *People v. Frahs* (2020) 9 Cal.5th 618, 637-638.) As a result, the record before us does not make it clear the trial court necessarily would have imposed a middle term had section 1170, subdivision (b)(6) been in effect at the time. (*Banner*, at p. 242.)

Consequently, we vacate the sentence and remand for the trial court to conduct a full resentencing in a manner consistent with amended section 1170, subdivision (b). (See *People v. Buycks* (2018) 5 Cal.5th 857, 893.) We express no opinion as to the ultimate sentence, but note that because defendant's conviction is not yet final, the trial court should consider any additional changes to the sentencing laws that may apply to defendant's benefit.

## DISPOSITION

The sentence is vacated and the matter is remanded for a full resentencing. The judgment is otherwise affirmed.

_____/s/_____
Duarte, Acting P. J.

We concur:

_____/s/_____
Krause, J.

_____/s/_____
Earl, J.